# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

PAULA RIDENTI, as parent and guardian of R.A.
and R.M.A., minors; individually and on behalf of all
others similarly situated,

                Plaintiffs,

        v.

GOOGLE, LLC and YOUTUBE LLC,

                Defendants.

Civil Action No. 20-cv-10517-NMG

JURY TRIAL DEMANDED

## PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER

Edward F. Haber (Mass. BBO # 215620)
Patrick Vallely (Mass. BBO # 663866)
**Shapiro Haber & Urmy LLP**
Seaport East
Two Seaport Lane, Floor 6
Boston, MA 02210
(617) 439-3939 – Telephone
(617) 439-0134 – Facsimile
ehaber@shulaw.com
pvallely@shulaw.com

*Counsel for the Plaintiffs*

## Table of Contents

BACKGROUND ON THE CLAIMS ASSERTED IN THIS CASE AND IN *HUBBARD* ........... 2

ARGUMENT .................................................................................................................... 4

I.    The "First-Filed Rule" Does Not Require Transfer. ............................................. 5

    A.    The Complaint in This Case Was the First-Filed Chapter 93A Claim. .................. 5

    B.    There Is No Categorical Rule Requiring Transfer to a First-Filed Action .................................................................................................................. 6

    C.    Even if Hubbard Were Deemed the First-Filed Case, Other Considerations Weigh Against a Transfer. ............................................................ 7

II.    The Google Companies Have Not Met Their Burden to Show Transfer Is Appropriate Under Section 1404(a). ................................................................... 9

    A.    Convenience to the Parties. ................................................................................ 10

    B.    Convenience to Witnesses. ................................................................................. 12

    C.    The Interests of Justice Favor a Massachusetts Forum ........................................ 13

    D.    There Is No Enforceable Forum Selection Clause. ............................................... 15

CONCLUSION ............................................................................................................... 17

**Cases**

*Ajemian v. Yahoo, Inc.*,
    83 Mass. App. Ct. 565 (App. Ct. 2013) ............................................................ 16, 17

*Ark. Right to Life State Pac v. Butler*,
    972 F. Supp. 1187 (D. Ark. 1997) ...................................................................... 8, 11

*Asset Allocation & Mgmt. Co. v. W. Employers Ins. Co.*,
    892 F.2d 566 (7th Cir. 1989) .................................................................................... 6

*Bernstein v. Wysoki*,
    2008 N.Y. Misc. LEXIS 9483 (Super. Ct. June 13, 2008) ...................................... 18

*Bodley v. Whirlpool Corp.*,
    2018 U.S. Dist. LEXIS 88013 (N.D. Cal. May 24, 2018) ...................................... 13

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985) ............................................................................................... 15

*Cardoza v. T-Mobile USA, Inc.*,
    2009 U.S. Dist. LEXIS 25895 (N.D. Cal. Mar. 18, 2009) ...................................... 11

*Catalano v. BMW of N. Am, LLC*,
    167 F. Supp. 3d 540 (S.D.N.Y. 2016) ...................................................................... 8

*Coady v. Ashcraft & Gerel*,
    223 F.3d 1 (1st Cir. 2000) ............................................................................. 5, 6, 10

*Doe v. Epic Games, Inc.*,
    2020 U.S. Dist. LEXIS 11473 (N.D. Cal. Jan. 23, 2020) ...................................... 17

*Geanacopoulos v. Philip Morris USA, Inc.*,
    2016 Mass. Super. LEXIS 11 (Super. Ct. Feb. 24, 2016) ......................................... 3

*Geanacopoulos v. Philip Morris USA, Inc.*,
    2017 Mass. Super. LEXIS 73 (Super. Ct. June 9, 2017) .......................................... 4

*Gemini Inv'rs Inc. v. Ameripark, Inc.*,
    542 F. Supp. 2d 119 (D. Mass. 2008) ..................................................................... 12

*Glover v. Ferrero USA, Inc.*,
    2011 U.S. Dist. LEXIS 121352 (D.N.J. Oct. 20, 2011) ............................................ 9

*Gulf Oil Corp. v. Gilbert*,
    330 U.S. 501 (1946) ........................................................................................... 5, 13

*Hawkins v. Gerber Producs Co.*,
924 F. Supp. 2d 1208 (S.D. Cal. 2013) ................................................................. 11

*Hoffman v. Blaski*,
363 U.S. 335 (1960) ................................................................................................... 5

*Hood-Biker v. Tranco Prods., Inc.*,
1993 U.S. Dist. LEXIS 4342 (D. Mass. Apr. 5, 1993) ............................................ 7

*I & R Mech. Inc. v. Hazelton Mfg. Co.*,
62 Mass. App. Ct. 452 (App. Ct. 2004) ................................................................. 16

*In re EMC Corp.*,
501 Fed. Appx. 973 (Fed. Cir. 2013) ....................................................................... 5

*Johnson v. N.Y. Life Ins. Co.*,
2013 U.S. Dist. LEXIS 35434 (D. Mass. Mar. 14, 2013) ....................................... 13

*Kleinerman v. Luxtron Corp.*,
107 F. Supp. 2d122 (D. Mass. 2000) ............................................................... passim

*Lloyd v. J.P. Morgan Chase & Co.*,
2012 U.S. Dist. LEXIS 114619 (S.D.N.Y. Aug. 14, 2012) ..................................... 8

*Malden Transp., Inc. v. Uber Techs., Inc.*,
404 F. Supp. 3d 404 (D. Mass. 2019) ................................................................... 14

*Mazza v. Am. Honda Motor Co.*,
666 F.3d 581 (9th Cir. 2012) ................................................................................. 5, 9

*N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*,
599 F.3d 102 (2d Cir. 2010) ............................................................................. 5, 7, 9

*Piper Aircraft Co. v. Reyno*,
454 U.S. 235 (1981) ............................................................................................ 10, 15

*Princess House, Inc. v. Lindsey*,
136 F.R.D. 16 (D. Mass. 1991) .............................................................................. 12

*Quinn v. Walgreen Co.*,
958 F. Supp. 2d 533 (S.D.N.Y. 2013) ..................................................................... 9

*Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*,
626 F.3d 973 (7th Cir. 2010) ................................................................................... 7

*Slaney v. Westwood Auto, Inc.*,
366 Mass. 688 (1975) ............................................................................................. 17

*T.K. v. Adobe Sys.*,
2018 U.S. Dist. LEXIS 65557 (N.D. Cal. Apr. 17, 2018) ........................................................ 18

*TPM Holdings v. Intra-Gold Indus.*,
91 F.3d 1 (1st Cir. 1996) .............................................................................................................. 7, 9

*Transcanada Power Mktg., Ltd. v. Narragansett Elec. Co.*,
402 F. Supp. 2d 343 (D. Mass. 2005) ....................................................................................... 13, 15

*Tyler v. Michaels Stores, Inc.*,
464 Mass. 492 (2013). ................................................................................................................. 14, 15

*Wilkie v. Gentiva Health Servs.*,
2010 U.S. Dist. LEXIS 97212 (E.D. Cal. Sept. 16, 2010) ......................................................... 8

*World Energy Alternatives, LLC v. Settlemyre Indus.*,
671 F. Supp. 2d 215 (D. Mass. 2009) ....................................................................................... 7

## Statutes

28 U.S.C. § 1404 ........................................................................................................................ passim

M.G.L. c. 93A § 2 ....................................................................................................................... 1, 14

M.G.L. c. 93A § 9 ....................................................................................................................... 1, 3

This action is brought two Massachusetts children, on behalf of a class of Massachusetts children, asserting a single claim under Massachusetts law. This case should be litigated and resolved in a Massachusetts court.

The plaintiffs in this case are two minor children who live in Massachusetts, R.A. and R.M.A. ("Plaintiffs" or the "Ridenti Children"). They assert a single claim under M.G.L. c. 93A §§ 2, 9 ("Chapter 93A") against Defendants Google, LLC and YouTube LLC (the "Google Companies"), arising from the Google Companies' unfair acts and practices in collecting, using, and profiting from personal information of the Ridenti Children through the YouTube platform without their parents' consent. This is the first case to have been filed against the Google Companies for engaging in unfair practices under Chapter 93A due to that conduct.

The Google Companies seek to transfer this case 3,500 miles away from Plaintiffs' residence to the Northern District of California, with plans to consolidate this case with another case—*Hubbard v. Google LLC*, Case No. 5:19-cv-07016—in which the plaintiffs only recently (after the Ridenti Children had filed this action) amended their complaint to assert a Chapter 93A claim. The Chapter 93A claim in *Hubbard* is one of fourteen claims now asserted in that action on behalf of eight different classes.

The Google Companies' arguments for transfer each lack merit. The Google Companies' principal argument is that because the original complaint in *Hubbard* was filed prior to this case, this Court must transfer this case to the court in which *Hubbard* is pending. *Hubbard*, however, was only recently amended to assert a Chapter 93A claim; the original complaint asserted claims under California law. ***This case is the first-filed Chapter 93A case.***

Even if *Hubbard* were deemed the first-filed action, however, that procedural fact would not require transfer. *Hubbard* is a potpourri of fourteen claims and eight classes. In contrast, this

focused action asserts a single claim on behalf of a Massachusetts class. Moreover, the fact that the Ridenti Children here assert a single claim on behalf of a class of Massachusetts children under Massachusetts law counsels strongly in favor of this case being heard in a Massachusetts forum.

The Google Companies have not met their burden to show that the balance of factors relevant to whether to transfer this case favor a transfer to the Northern District of California. The Court should deny the Google Companies' motion.

### Background on the Claims Asserted in this Case and in *Hubbard*

The Ridenti Children filed this case on March 13, 2020. They allege that the Google Companies engaged in unfair acts and practices in violation of Chapter 93A by collecting, using, and profiting from personal information of the Ridenti Children without obtaining their parents' consent. The Ridenti Children assert this claim on behalf a proposed class of "children residing in Massachusetts who, at a time when the children were under the age of thirteen, viewed videos on YouTube and from whom the Google Companies collected, used, or disclosed personal information without first obtaining verified parental consent." Class Action Complaint, ECF No. 1 ¶ 50 ("Compl.").

The Google Companies' motion depends almost entirely upon an action pending in the Northern District of California, *Hubbard v. Google LLC*, Case No. 5:19-cv-07016. The original *Hubbard* complaint was filed on October 25, 2019. At that time, and at the time the Ridenti Children filed this action, *Hubbard* included no claim under Chapter 93A or any other Massachusetts law. It included only four claims:

(a)     a claim for common law intrusion upon seclusion, on behalf of a multistate class **not** including Massachusetts, ECF No. 12-3 ¶¶ 129, 141–47 ;

(b)     a claim for violation of the California Unfair Competition Law ("UCL"), on behalf of a proposed nationwide class, *id.* ¶¶ 148–55;

> (c)     a claim for violation of the California Constitutional Right to privacy, on behalf of a California class, *id.* ¶¶ 156–63; and
>
> (d)     a claim for unjust enrichment, on behalf of the same California class, *id.* ¶¶ 164–70.

On April 14, 2020, a month after Plaintiffs had filed this Chapter 93A claim action in this Court, the *Hubbard* plaintiffs amended their complaint to add new plaintiffs and, for the first time, assert a claim under Chapter 93A on behalf of a Massachusetts class. ECF 12-4 ¶¶ 281–94. The new plaintiffs added to *Hubbard* on April 14 assert claims under not only Massachusetts law but also the law of California, Colorado, Indiana, New Jersey, and Tennessee. *Id.* ¶¶ 204–356. The *Hubbard* complaint now asserts fourteen claims on behalf of eight different classes. *Id.* The Ridenti Children and the class of Massachusetts children they seek to represent would be significantly disadvantaged in prosecuting their Chapter 93A claim if it were lumped together with the claims under six other state laws.

Massachusetts has one of the most vigorous consumer protection statutes in the country. One key advantage of Chapter 93A is its provision for minimum statutory damages of $25 in consumer cases. M.G.L. c. 93A § 9(3). This statutory benefit is significant because it permits consumers to obtain a real recovery even when damages are either small or difficult to prove. For example, in another consumer case under Chapter 93A, which Plaintiffs' counsel in this case brought to trial, a Massachusetts court found that although the evidence at trial did not establish the amount of damages with sufficient certainty, Plaintiffs had nonetheless proven some injury— economic harm of "at least a penny"—and therefore awarded each class member $25. *Geanacopoulos v. Philip Morris USA, Inc.*, 2016 Mass. Super. LEXIS 11, *45–67 & n. 6 (Super. Ct. Feb. 24, 2016). This important statutory damages remedy resulted in a total judgment of more than $15 million for Massachusetts consumers including prejudgment interest (plus a separate award of attorneys' fees). *Id.* at *63–66 & n. 17; *Geanacopoulos v. Philip Morris USA,*

*Inc.*, 2017 Mass. Super. LEXIS 73, *1 (Super. Ct. June 9, 2017) (referencing $15,273,815 settlement fund after inclusion of prejudgment interest). *Geanacopoulos* underscores a real difference between Massachusetts law and the consumer protection laws of the other states at issue in *Hubbard*, which provide no such statutory damages remedy, leaving consumers with no remedy if they are unable to prove damages with the requisite level of precision.

The statutory damages remedy under Chapter 93A is particularly relevant to the present motion because, remarkably, the *Hubbard* plaintiffs have not asserted a claim for statutory damages under Chapter 93A. ECF 12-4 ¶ 294 (describing claim only for "actual damage, double or trouble [sic] damages, injunctive or other equitable relief, and attorneys' fees and costs"). This may have been due to a lack of familiarity with Chapter 93A by the California attorneys in *Hubbard*, or it may have been strategic. One possible explanation is that had the *Hubbard* plaintiffs sought this remedy, it would have made it more difficult to justify a multi-state or nationwide class settlement that affords the same benefits to all class members regardless of the strength of their claims and remedies under each state law. Whatever their reason, the *Hubbard* plaintiffs' decision not to seek statutory damages underscores why it is important to have Plaintiffs' claim here under Chapter 93A resolved by a Massachusetts court, as the Ridenti Children argue below.

## Argument

The Google Companies purport to present two distinct arguments for transfer—that the *Hubbard* action was filed first, and that transfer is appropriate under 28 U.S.C. § 1404(a). As explained below, these are not really two separate arguments; instead, the chronology in which claims were asserted is simply one factor courts consider in deciding whether to transfer a case, together with other factors such as those set forth in 28 U.S.C. § 1404(a).

In any event, regardless of the basis or bases upon which the Google Companies move to transfer, "[t]he burden of proof rests with the party seeking transfer"—that is, the Google Companies. *Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000). In meeting that burden, the Google Companies must overcome "a strong presumption in favor of the plaintiff's choice of forum." *Id.*; *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1946) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."); *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 113–14 (2d Cir. 2010) (party seeking transfer must show by "clear and convincing evidence" that a transfer is warranted).

The Google Companies have not met their burden.

## I.     The "First-Filed Rule" Does Not Require Transfer.

### A.     *The Complaint in This Case Was the First-Filed Chapter 93A Claim.*

A motion to transfer must "be decided based on 'the situation which existed when suit was instituted.'" *In re EMC Corp.*, 501 Fed. Appx. 973, 976 (Fed. Cir. 2013) (quoting *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960)). Here, when the Ridenti Children filed their complaint, *Hubbard* included no Massachusetts plaintiff, asserted no Chapter 93A claim, and proposed no Massachusetts class. The original *Hubbard* complaint did include a purported nationwide class under the California's UCL, ECF No. 12-3 ¶¶ 148–55, but the district court in *Hubbard* had not performed any choice of law analysis to resolve whether such a nationwide class was truly viable. Perhaps recognizing the challenges their proposed nationwide UCL class might face,[1] the *Hubbard* plaintiffs later added state classes under the laws of Massachusetts, Colorado, Indiana, New Jersey, and Tennessee. These additions occurred after the Ridenti Children filed this action.

---

[1] *Mazza v. Am. Honda Motor Co.,* 666 F.3d 581, 594 (9th Cir. 2012) (reversing certification of nationwide UCL class; "[u]nder the facts and circumstances of this case, we hold that each class member's consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place")

In resolving the weight to be given to the existence of the *Hubbard* case, the Court should consider that the Ridenti Children were the first to file a Chapter 93A claim on behalf of a class of Massachusetts children. This procedural history, together with other factors described below, counsel against transferring this case.

B. *There Is No Categorical Rule Requiring Transfer to a First-Filed Action.*

The Google Companies point to what they describe as two, independent bases for a transfer—the so-called "First-Filed Rule," and a transfer under 28 U.S.C. § 1404(a). In the context of a proposed transfer from one federal court to another, however, the two principles converge.

Although the First Circuit has not articulated in detail how the so-called first-to-file rule interacts with Section 1404(a), it has suggested that the sequence of filing is simply one factor that courts should consider as part of a Section 1404(a) analysis, rather than an independent basis for transfer. Specifically, in *Coady v. Ashcraft & Gerel*, the First Circuit explained that where multiple related actions have been filed, "the order in which the district court obtained jurisdiction" is one of multiple "factors to be considered by [a] court" in deciding whether to transfer the case, together with the factors set forth in 28 U.S.C. § 1404(a). 223 F.3d at 11. That is, the first-filed "rule" is not a simplistic rule requiring reflexive deference to any first-filed action; instead, consideration of the sequence of filing is one of various factors relevant to resolving whether to transfer a case. *Kleinerman v. Luxtron Corp.*, 107 F. Supp. 2d122, 125 (D. Mass. 2000) ("The preference for the first-filed action to proceed is…not an inviolable rule of law. In some cases, showing of a balance of convenience in favor of the second action or special circumstances giving priority to the second action is warranted."); *Asset Allocation & Mgmt. Co. v. W. Employers Ins. Co.*, 892 F.2d 566, 573 (7th Cir. 1989) (Posner, J.) (deference to first-filed action must be "exercise[d] with due regard for the balance of convenience in litigating the

parties' disputes in one forum rather than another"); *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 980 (7th Cir. 2010) (rejecting "inflexible rule that the prior filing controls").

The weight given to the chronology of cases depends upon how similar the cases are. A stronger presumption applies "[w]here the overlap between the two suits is nearly complete." *TPM Holdings v. Intra-Gold Indus.*, 91 F.3d 1, 4 (1st Cir. 1996). In contrast, "[w]here the overlap between two suits is less than complete, the judgment is made case by case…, [considering] the extent of the overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." *Id.*; *Lafarge*, 599 F.3d at 112 (first-to-file principle has less force where the two actions are related but "not coextensive"); *World Energy Alternatives, LLC v. Settlemyre Indus.*, 671 F. Supp. 2d 215, 218 (D. Mass. 2009) ("Because the 'first-filed rule' is only implicated when two competing suits are 'identical,' it is not applicable in the instant situation."); *Hood-Biker v. Tranco Prods., Inc.*, 1993 U.S. Dist. LEXIS 4342, at *8 (D. Mass. Apr. 5, 1993) (holding first-filed argument "would be more compelling if the suits were more closely related"; declining to apply rule where the actions were "far from identical").

C.    *Even if* <u>Hubbard</u> *Were Deemed the First-Filed Case, Other Considerations Weigh Against a Transfer.*

Even if the Court were to consider the events occurring after the filing of the Ridenti Children's complaint and deem *Hubbard* the first-filed claim, transfer would nonetheless be inappropriate because all other factors relevant to the motion to transfer favor a Massachusetts forum.

Where, as here, the two actions are far from identical, the Court should consider fully the Section 1404(a) convenience factors rather than focusing only upon the sequence of filing. If the convenience factors favor a Massachusetts forum, the Court should deny the motion to transfer.

*Kleinerman*, 107 F. Supp. 2d at 126 (declining transfer to court in which first-filed case was pending given convenience factors favored Massachusetts).

More specifically, where, as here, class actions filed in different forums assert causes of action under different state laws, such differences in the scope of each class action reduce the force of the first-filed argument. *Catalano v. BMW of N. Am, LLC*, 167 F. Supp. 3d 540, 552 (S.D.N.Y. 2016) (rejecting transfer based on first-filed rule because "although plaintiffs in both actions allege violations of warranties and consumer fraud statutes, the claims asserted in each case arise under the laws of different states," and "the overlap of factual and legal issues is insufficient to warrant application of the first-filed rule"); *Lloyd v. J.P. Morgan Chase & Co.*, 2012 U.S. Dist. LEXIS 114619, at *3–4 (S.D.N.Y. Aug. 14, 2012) (declining to apply first-filed rule where "although there is some basic similarity of claims between the two actions," one which asserted claims under California law, and another under New York law, the actions were not sufficiently similar to warrant transfer and consolidation); *Wilkie v. Gentiva Health Servs.*, 2010 U.S. Dist. LEXIS 97212, at *3–5, 14 (E.D. Cal. Sept. 16, 2010) (denying transfer where two actions included some overlapping and some non-overlapping classes; reasoning "there are more dissimilarities in the issues than similarities").

The extent of the overlap between this case and *Hubbard* is limited; they are certainly not identical actions. The *Hubbard* action now includes fourteen causes of action asserted on behalf of eight classes. Chapter 93A is certainly not the focus of *Hubbard.* That claim was added to *Hubbard* only after this case was filed, and even now, the Massachusetts plaintiff in that case only partially invokes Chapter 93A, failing to seek statutory damages under the statute.

The fact that the Ridenti Children were potential members of a proposed nationwide class in *Hubbard* does not change the analysis. In *Glover v. Ferrero USA, Inc.*, for example, the

District of New Jersey declined to transfer to the forum of a putative class action pending in federal court in California in which the plaintiffs asserted a proposed nationwide claim under California law (similar to the *Hubbard*'s complaint here at the time the Ridenti Children filed their complaint). 2011 U.S. Dist. LEXIS 121352, at *15 (D.N.J. Oct. 20, 2011). The court reasoned that the second-filed action, which asserted claims under New Jersey law, should be resolved by a New Jersey court. *Id.* at *15–16[2]; *see also Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 539 (S.D.N.Y. 2013) (denying transfer to first-filed court that included proposed multistate class that might the include second-filed class, reasoning that multistate class has not yet been certified so "neither the parties nor the issue in this case are identical")

Because this action and *Hubbard* only partially overlap, the Court should consider fully all factors relevant to a motion to transfer. *TPM Holdings*, 91 F.3d at 9; *Lafarge*, 599 F.3d at 112 ("balance of convenience" factors that may counsel against transferring based on first-to-file rule are the same as the Section 1404(a) factors). As set forth below, the balance of factors under a Section 1404(a) analysis strongly favors denial of the Google Companies' motion to transfer.

## II. The Google Companies Have Not Met Their Burden to Show Transfer Is Appropriate Under Section 1404(a).

Section 1404(a) provides that, in resolving whether to transfer a case, the Court should consider "the convenience of parties and witnesses" and "the interests of justice." 28 U.S.C. § 1404(a). To repeat, the Google Companies have the burden of demonstrating that the Northern District of California presents a more convenient forum for this action. The fact that another action was pending when the Ridenti Children filed their complaint in this case does not shift the burden; the burden remains with the Google Companies. *Kleinerman*, 107 F. Supp. 2d at 125

---

[2] The *Glover* court questioned how much weight should be given to the mere assertion of a nationwide class under California law, given that choice-of-law analysis might result in the application of each consumer's own state law. *Id. at* *16, 19.

(burden "to demonstrate that one forum is more convenient than another" born by party seeking transfer even where that party had identified prior-filed case with some overlap).

In any event, consideration of each factor relevant under a Section 1404(a) analysis dictates that this action by Massachusetts residents, applying Massachusetts law, should remain in Massachusetts.

A.      *Convenience to the Parties.*

Massachusetts plainly provides the more convenient forum both for the Ridenti Children and the other Massachusetts children included in the proposed class. The convenience of this forum to the Ridenti Children reinforces the "strong presumption in favor of the plaintiff's choice of forum." *Coady*, 223 F.3d at 11. That presumption "is particularly strong" where, as here, "the jurisdiction [the plaintiff] chose is his home forum," which reflect that the Ridenti Children have chosen a forum for convenience. *Kleinerman*, 107 F. Supp. 2d at 125 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254–55 (1981)). The convenience to the Ridenti Children is particularly significant because they are young children who go to school here in Massachusetts. Requiring the Ridenti Children to litigate this case in California could present a significant hardship for the Ridenti Children and their family.

The Google Companies argue that the Court should afford less weight to the Ridenti Children's choice of forum because they assert class claims. As a matter of clarification, the Ridenti Children bring their claim on behalf of a class of Massachusetts children. The fact that the word "nationwide" was inadvertently included in a paragraph of their complaint does not change the reality of their complaint, which on its face asserts a Massachusetts claim on behalf a class of "children residing in Massachusetts." Compl ¶ 50.

The cases the Google Companies cite that demote the significance the plaintiffs' choice of forum in class actions are driven by factors not present here. For example, in *Hawkins v.*

*Gerber Producs Co.*, the court explained that this reduced deference "guard[s] against the dangers of forum shopping…when a representative plaintiff does not reside within the district," and where "the transactions giving rise to the action lack a significant connection to the…forum …." 924 F. Supp. 2d 1208, 1214–15 (S.D. Cal. 2013). These concerns, obviously, do not apply here, where the Ridenti Children have brought suit in their home forum on behalf of a class of Massachusetts children. S*ee also Cardoza v. T-Mobile USA, Inc.*, 2009 U.S. Dist. LEXIS 25895 (N.D. Cal. Mar. 18, 2009) ("The Court does not give less weight to Plaintiff's choice of forum based on Plaintiff's decision to bring suit on behalf of a [statewide] class. Courts tend to do so in cases where the plaintiff seeks to represent a nationwide class.").

Even if California would be more convenient for the Google Companies, "transfer is not appropriate where its effect is merely to shift the inconvenience from one party to the other." *Kleinerman*, 107 F. Supp. 2d at 125; *see also Ark. Right to Life State Pac v. Butler,* 972 F. Supp. 1187, 1194 (D. Ark. 1997). ("[T]he convenience of the aggrieved party should be first accommodated"). Moreover, comparing the convenience to the parties, the court should weigh this factor such that the "cost of litigation should be borne by the party in the best position to absorb and spread it." *Id.* Needless to say, the Google Companies are well-positioned to absorb any cost of litigating here in Massachusetts. Although headquartered in California, the Google Companies have a substantial presence in Massachusetts, including a Cambridge office with more than 1,500 employees that focus, among other things, on the YouTube platform at the center of Plaintiffs' claims. *See* Vallely Decl. Ex. A[3] (article discussing the Google Companies' operations in Massachusetts and 2019 expansion). There is no reason, based on convenience to the parties, to transfer the case to California.

---

[3] "Vallely Decl." refers to the Declaration of Patrick J. Vallely, submitted with this memorandum.

B.    *Convenience to Witnesses.*

As to the convenience to witnesses, the Google Companies' presentation falls well short. Their entire argument is a single sentence in their brief: "Key witnesses regarding the YouTube platform are located in Google's offices in California." Defs. Mem. 13. The Google Companies neither name these witnesses nor describe their testimony. They attach no affidavit supporting their bald assertion. Such conclusory, unsupported claims of witness convenience do not support transfer. *Gemini Inv'rs Inc. v. Ameripark, Inc.*, 542 F. Supp. 2d 119, 126 (D. Mass. 2008) (holding, where party identified two witnesses but failed to provide "a general statement as to their testimony," such a showing "is woefully inadequate in persuading this Court that the Northern District of Georgia is a more convenient forum"); *Princess House, Inc. v. Lindsey*, 136 F.R.D. 16, 18 (D. Mass. 1991) ("A party seeking transfer [must] specify the key witnesses to be called, accompanied by a general statement as to what their testimony will entail.").

Even if the Court were to credit the Google Companies' bald assertion of witness convenience, the Google Companies do not describe what portion of its witnesses are in California; they instead only say that some unspecified number of "key witnesses" are there. The Google Companies also have a substantial presence in Massachusetts, including employees responsible for the YouTube platform. Vallely Decl. Ex. A. There may be more "key witnesses" in Massachusetts than California; the Google Companies do not say one way or the other.

Even if most of Google's most important witnesses were located in California, Google is a large corporation with the resources to procure its witnesses' attendance; the location of Google's witnesses would not be a substantial factor favoring transfer. *Kleinerman*, 107 F. Supp. 2d at 125–26 (convenience of witnesses "less important" where "an employer who is a party to the action can secure the appearance of witnesses regardless of the location of the form").

C.     *The Interests of Justice Favor a Massachusetts Forum*

The "interests of justice" factor includes consideration of (a) the connection between the forum and the issues in the case; (b) the law to be applied; and (c) the state or public interest at stake. *Id.* Here, each of those considerations favors a Massachusetts forum.

**Connection Between this Action and the Forum.** The connection between this forum and the Ridenti Children's claim is obvious. The Ridenti Children are Massachusetts residents who invoke Massachusetts law to seek relief for wrongful conduct that caused harm to Massachusetts children. This is, in substance, a local dispute.[4]

**The Law to Be Applied.** Plaintiffs' sole claim is a Massachusetts statutory claim. "[I]n a diversity case," such as this one, "it is advantageous to have the lawsuit adjudicated by a federal district court…that is more familiar with the particular state law to be applied." *Transcanada Power Mktg., Ltd. v. Narragansett Elec. Co.*, 402 F. Supp. 2d 343, 352 (D. Mass. 2005) (quotations omitted); *Gulf Oil*, 330 U.S. at 509 ("There is an appropriateness…in having the trial of a diversity case in a forum that is at home with the state law that must govern the case.").

The Google Companies argue that this claim does not *really* turn on Massachusetts law because the Ridenti Children's claim is "predicated on violations of COPPA and the FTC Act and thus turns on interpretation of *federal* law." Defs' Mem. at 14. This is not accurate. Although the Massachusetts legislature has directed courts construing Chapter 93A to be "guided by the interpretations given by the Federal Trade Commission…to section 5(a)(1) of the Federal Trade Commission Act," ¶ 46 (quoting M.G.L. c. 93A § 2(b)), Chapter 93A is not simply a remedy for

---

[4]The cases upon which the Google Companies rely did not involve a local dispute, like this one, but involved claims that spanned well beyond the local forum. *See, e.g. Johnson v. N.Y. Life Ins. Co.*, 2013 U.S. Dist. LEXIS 35434, at * 2, 9–10 (D. Mass. Mar. 14, 2013) (claim included national class; other related action in New York brought by same counsel as Massachusetts action); *Bodley v. Whirlpool Corp.*, 2018 U.S. Dist. LEXIS 88013, *3–4 (N.D. Cal. May 24, 2018) (claim included national class)

violations of the FTC Act. Massachusetts courts (both state and federal) have developed substantial jurisprudence on the scope of Chapter 93A liability, including the meaning of "unfair acts and practices." Although that jurisprudence may be "guided" by the FTC Act, it is not controlled by it. Whichever court hears this case will need to resolve the proper scope of Chapter 93A's prohibition on "unfair acts and practices," a topic with which Massachusetts courts in general, and this Court in particular, have substantial experience.[5]

In addition to questions of the scope of liability under Chapter 93A, the scope of the injury requirement under Chapter 93A may be a significant issue in this case. The Google Companies' response to the Ridenti Children's demand letter reflects that one of its core defense arguments will be to challenge whether the Ridenti Children have suffered an injury recognized under Chapter 93A. Vallely Decl. Ex. B. The scope of injuries compensable under Chapter 93A presents a question that continues to evolve within Massachusetts courts[6]; such issues reflect important questions of Massachusetts law that should be decided by a Massachusetts court.

***State or Public Interests at Stake.*** Here, public interest considerations strongly favor a Massachusetts forum. "[A] state 'has a manifest interest' in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors." *Transcanada*, 402 F. Supp. 2d at 353 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)); *Piper*, 454 U.S. at 260 ("[T]here is a local interest in having localized controversies decided at home.") (quotations omitted). Here, requiring the Ridenti Children and a class of Massachusetts residents

---

[5] *See, e.g., Malden Transp., Inc. v. Uber Techs., Inc.*, 404 F. Supp. 3d 404 (D. Mass. 2019) (decision after trial discussing scope of Chapter 93A prohibitions on unfair acts and practices and unfair methods of competition).

[6] *Tyler v. Michaels Stores, Inc.*, 464 Mass. 492, 504 (2013). ("When a [company] acquires personal identification information in violation of [a statute] and uses the information for its own business purposes, …the [company] has caused the consumer an injury" sufficient to support a Chapter 93A claim.).

to go to California to seek redress for harm visited upon them here in Massachusetts would run counter to the interest of Massachusetts in having local controversies resolved in Massachusetts.

An additional public interest consideration warrants attention. As discussed above, the *Hubbard* plaintiffs have, for whatever reason, chosen not to seek an important statutory damages remedy available under Chapter 93A. This raises serious questions about whether a Massachusetts class will be fully protected if this case is transferred to California and consolidated with *Hubbard*. The Google Defendants have themselves highlighted in their response to the Ridenti Children's demand letter that one of their primary defenses will be that the Ridenti Children are unable to prove "damage." Vallely Decl. Ex. B.

Under Chapter 93A, even if Plaintiffs are unable to prove the ***amount of damages*** with sufficient certainty, they may well still prove an ***injury*** recognized under Chapter 93A, thus supporting an award of statutory damages to the class. *See Tyler*, 464 Mass. at 504 ("When a [company] acquires personal identification information in violation of [a statute] and uses the information for its own business purposes, …the [company] has caused the consumer [a Chapter 93A] injury."). It would be against the "interests of justice" to require the Ridenti Children to litigate in California given the risk "that [they] will be deprived of [a] remedy or treated unfairly." *Piper Aircraft*, 454 U.S. at 254–55.

D.      *There Is No Enforceable Forum Selection Clause.*

The Google Companies make passing reference to their own terms of service, indicating that "the Ridentis initiated this action in Massachusetts despite YouTube's Terms of Service, which provide that any action related to the YouTube service be field in Santa Clara, California." Mem. Law at 4–5 & n.1. The Google Companies do not directly argue the Ridenti Children are bound by any forum selection clause, and for good reason.

The Google Companies have made no showing that YouTube's Terms of Service constitute a contract enforceable against the Ridenti Children. Basic principles of contract law dictate that in order for a valid contract to be formed, there must be both offer and acceptance. *I & R Mech. Inc. v. Hazelton Mfg. Co.*, 62 Mass. App. Ct. 452, 455 (App. Ct. 2004) ("The manifestation of mutual assent between contracting parties generally consists of an offer by one and the acceptance of it by the other.").

The Massachusetts Appeals Court in *Ajemian v. Yahoo, Inc.*, 83 Mass. App. Ct. 565 (App. Ct. 2013) explained how the concepts of offer and acceptance apply in the context of form agreements presented on the web to website users. In *Ajemian*, Yahoo! sought to enforce a forum selection clause contained in terms of service posted online. *Id.* at 569. The Massachusetts Appeals Court explained that Massachusetts law on an "offer" requires that forum selection clauses "have been reasonably communicated and accepted." *Id.* at 573. Specifically, a company must demonstrate "[r]easonably conspicuous notice of the existence of contract terms" and the customer's "unambiguous manifestation of assent to those terms." *Id.* at 574. In the context of terms of service presented through a website, this means that the record must establish "that the terms of the agreement were displayed, at least in part, on the user's computer screen and the user was required to signify his or her assent by clicking 'I accept.'" *Id.* at 576.

In *Ajemian*, Yahoo!'s only evidence of communication of the forum selection clause was an affidavit claiming that "users are given an opportunity to review the Terms of Service and Privacy Policy prior to [registering with] Yahoo!." *Id.* at 575. The Appeals Court held that such an affidavit "is not enough to establish that the forum selection provision and limitations provision" of the terms of service "were reasonable communicated, or to whom they were communicated." *Id.* Moreover, Yahoo! offered no evidence demonstrating "how the provisions

of [Yahoo!'s terms of service] were accepted by [plaintiffs] or how they manifested their assent." *Id.* at 575–76. Yahoo!'s conclusory averments that the agreement applied to the plaintiff were not sufficient. *Id.* Given such failures of proof as to both offer and acceptance, the Appeals Court reversed the trial court's dismissal based on the purported forum selection clause. *Id.* 576, 580.

Here, the Google Companies evidence on the forum selection clause is even less than *Ajemian.* The Google Companies present zero evidence, by affidavit or otherwise, that their Terms of Service were conspicuously communicated to the Ridenti Children or that the Ridenti Children did anything to manifest their assent.

Even had the Google Companies demonstrated that the Ridenti Children agreed to litigate their claims in California, the Ridenti Children, as minors, could elect to disavow any such agreement. *Slaney v. Westwood Auto, Inc*., 366 Mass. 688, 692 (1975) ("Under the common law of this jurisdiction, any contract, except one for necessaries, entered into by an unemancipated minor [can] be disaffirmed by him before he reache[s] the age of twenty-one."); *Doe v. Epic Games, Inc.*, 2020 U.S. Dist. LEXIS 11473, at *13 (N.D. Cal. Jan. 23, 2020) (refusing to enforce arbitration clause in software agreement for online game because "plaintiff validly disaffirmed the [agreement]"); *T.K. v. Adobe Sys.*, 2018 U.S. Dist. LEXIS 65557, at *12–16 (N.D. Cal. Apr. 17, 2018) (same).[7]

## Conclusion

For the foregoing reasons, the Court should deny the Google Companies' motion to transfer.

---

[7] *See also Bernstein v.* Wysoki, 2008 N.Y. Misc. LEXIS 9483, at *7 (Super. Ct. June 13, 2008) ("[A] parent cannot bind a minor child to a forum selection clause.").

Dated: June 3, 2020                          Respectfully submitted,


                                             */s/ Patrick J. Vallely*             
                                             Edward F. Haber (Mass. BBO # 215620)
                                             Patrick Vallely (Mass. BBO # 663866)
                                             **Shapiro Haber & Urmy LLP**
                                             Seaport East
                                             Two Seaport Lane, Floor 6
                                             Boston, MA 02210
                                             (617) 439-3939 – Telephone
                                             (617) 439-0134 – Facsimile
                                             ehaber@shulaw.com
                                             pvallely@shulaw.com

## CERTIFICATE OF SERVICE

I, hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 3, 2020.

/s/ Patrick J. Vallely
Patrick J. Vallely