```
                       )United States District Court
                            District of Massachusetts
 ──────────────────────────
                           )
 PAULA RIDENTI, as parent and      )
 guardian of R.A. and R.M.A.,      )
 minors; individually and on       )
 behalf of all others similarly    )
 situated,                         )
                                   )
                                   )   Civil Action No.
            Plaintiff,             )   20-10517-NMG
                                   )
       v.                          )
                                   )
 GOOGLE LLC, et al.,               )
                                   )
            Defendants.            )
                                   )
 ──────────────────────────
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This is a putative class action brought by plaintiff Paula Ridenti, as parent and guardian of two minor children, against Google LLC and YouTube, LLC (collectively "the Google Companies" or "defendants") in which plaintiff alleges that the Google Companies collected, used and/or disclosed without parental consent the personal information of her children and other minors under the age of 13, in violation of Massachusetts General Laws Chapter 93A, Sections 2 and 9 ("Chapter 93A").

Pending before this Court is defendants' motion to transfer this case to the United States District Court for the Northern District of California (Docket No. 12) for consolidation with another putative class action, Hubbard, et al. v. Google LLC, et

al., No. 5:19-cv-07016-BLF (N.D. Cal.) ("Hubbard").  For the reasons that follow, that motion will be allowed.

I. **Background**

**A. The Parties and Facts**

Plaintiff Paula Ridenti is a resident of Massachusetts and the parent and legal guardian of two children under the age of 13, R.A. and R.M.A., both of whom have, within the past four years, regularly viewed YouTube videos on channels directed primarily to young children.  Defendant Google LLC ("Google") is a Delaware limited liability company with its principal place of business in Mountain View, California.  It is the parent company of defendant YouTube, LLC ("YouTube"), a Delaware limited liability company with its principal place of business in San Bruno, California.

YouTube is a popular video-sharing platform operated by Google which is accessible through web browsers, smart televisions, mobile applications on smartphones and tablets and other methods.  Most videos are freely accessible to anyone with internet access, without the need to register, log-in to any account or verify the age of the viewer.  Many of those videos are, in fact, catered specifically to children under the age of 13 and expressly labeled as such.

Plaintiff contends that the Google Companies track the online activities and viewing history of all YouTube users,

including those under the age of 13. They do so without first obtaining parental consent. The Google Companies then purportedly use that personal information to present to the minors "customized" or "targeted" advertisements tailored to their particular interests.

**B. Procedural History**

In 1998, Congress enacted the Children's Online Privacy Protection Act, 15 U.S.C. §§ 6501 et seq. ("COPPA"), thereby making it

> unlawful for an operator of a website or online service directed to children, or any operator that has actual knowledge that it is collecting personal information from a child, to collect personal information from a child . . . without verifiable parental consent.

15 U.S.C. § 6502.

In September, 2019, the Federal Trade Commission ("the FTC") filed a complaint against the Google Companies for knowingly collecting, using and/or disclosing the personal information of children under the age of 13 without parental consent. That conduct, the FTC alleged, constitutes unfair and deceptive acts and practices, in violation of COPPA, Federal Trade Commission Act, 15 U.S.C. § 45(a)(1) ("the Act") and the regulations adopted thereunder. Soon thereafter, the parties entered into a $170 million settlement agreement.

In October, 2019, Nichole Hubbard and others ("the Hubbard plaintiffs") filed in the Northern District of California a

class action complaint against the Google Companies and others, alleging that defendants caused the personal information of children to be collected and analyzed without parental consent in order to subject the minors to targeted advertising. That conduct, the Hubbard plaintiffs assert, violates state privacy laws (Count I), the California Unfair Competition Law, Cal. Bus. & Prof Code § 17200 (Count II) and the California Constitutional Right to Privacy, Cal Const. Art. 1, § 1 (Count III) and results in unjust enrichment (Count IV).

In March, 2020, plaintiff brought this action on behalf of her children and a putative "Nationwide Class" consisting of

> [a]ll children residing in Massachusetts who, at a time when the children were under the age of thirteen, viewed videos on YouTube and from whom the Google Companies collected, used, or disclosed personal information without first obtaining verified parental consent.

She alleges that the collection, use and disclosure of the personal information of young children (including her own) by the Google Companies constitutes unfair and deceptive practices, as defined by FTC regulations, in violation of Chapter 93A.

In April, 2020, the Hubbard plaintiffs filed in the Northern District of California their second amended complaint, adding five more plaintiffs and 12 claims to include, inter alia, a Massachusetts resident, a Massachusetts subclass and a claim under Chapter 93A. That proposed subclass represents

all children and parents and/or legal guardians of persons residing in the Commonwealth of Massachusetts who are younger than the age of thirteen and used YouTube, or were younger than the age of thirteen when they used YouTube, and from whom Defendants collected, used, or disclosed Personal Information without first obtaining verified parental consent.

Thereafter, a motion to dismiss the second amended Hubbard complaint was filed and this action was stayed pending this Court's decision on the pending motion to transfer. In December, 2020, the Northern District of California dismissed the Hubbard complaint with leave to amend, having concluded that the state law claims therein were preempted by COPPA. The Hubbard plaintiffs subsequently filed a third amended complaint, as to which a motion to dismiss is currently pending.

## II. Motion to Transfer

### A. Legal Standard

Pursuant to 28 U.S.C. § 1404(a), the Google Companies seek to transfer the instant case to the United States District Court for the Northern District of California for consolidation with a related action, Hubbard. Section § 1404(a) states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . .

While the decision to transfer a case under § 1404 lies solely within the discretion of the trial court, there is a presumption in favor of the plaintiff's choice of forum and the

defendant must bear the burden of proving that a transfer is warranted. Theophile v. Conklin, No. 17-cv-10868, 2017 WL 3140363, at *3 (D. Mass. July 24, 2017).  Factors to be considered in determining whether transfer is warranted include

> (1) the plaintiff's choice of forum, (2) the relative convenience of the parties, (3) the convenience of the witnesses and location of documents, (4) any connection between the forum and the issues, (5) the law to be applied and (6) the state or public interests at stake.

Viatech Tech., Inc. v. Adobe Inc., No. 19-cv-11177, 2020 WL 1235470, at *2 (D. Mass. Mar. 13, 2020).

Where, as here, actions involving similar issues and similar parties are pending in different federal district courts, "obvious concerns" arise, including

> wasted resources because of piecemeal litigation, the possibility of conflicting judgments, and a general concern that the courts may unduly interfere with each other's affairs.

TPM Holdings, Inc. v. Intra-Gold Industries, Inc., 91 F.3d 1, 4 (1st Cir. 1996).  To avoid such concerns, transfer to the court of the first-filed action is generally preferred. Id.; Waithaka v. Amazon.com, Inc., 404 F. Supp. 3d 335, 350 (D. Mass. 2019) (finding application of the first-filed rule appropriate having considered "(1) which action was filed first; (2) the similarity of the parties; and (3) the similarity of the issues").

**B. Application**

The parties do not dispute that transfer is permissible in this case. Plaintiffs could have brought this action in the Northern District of California, as defendants are limited liability companies with their principal places of business within that district. See 28 U.S.C. §§ 1391(b), 1404(a). Thus, the only question before this Court is whether transfer is warranted based on the interests of justice, judicial efficiency and convenience.

The Google Companies argue that those interests require this Court to transfer this action to the Northern District of California because: 1) the California case was filed first, 2) the cases are substantially similar and 3) there is an acute risk of wasted resources and inconsistent verdicts if both actions proceed in separate courts. Plaintiff responds that the application of the first-to-file rule is inappropriate here because the cases are not identical and the instant action is focused and "local", whereas Hubbard is a "potpourri of fourteen claims and eight classes". Plaintiff also makes a convenience argument, contending that to require her to pursue this case in California would impose a significant burden on a Massachusetts plaintiff.

Having considered the parties' submissions, this Court determines that transfer pursuant to the first-filed rule is

warranted under these circumstances. The parties in this action are substantially similar to the parties in the Hubbard case. Both actions name Google and YouTube as defendants and include nearly identical proposed classes of Massachusetts residents. See Jimenez v. Kohl's Department Stores, Inc., 480 F. Supp. 3d 305, 307 (D. Mass. 2020) (explaining that the parties need only be similar, not identical).

Furthermore, the cases raise substantially similar issues, namely, whether the Google Companies intentionally collected the personal information of children under the age of 13 without parental consent and subsequently subjected those children to targeted advertising. Both also raise claims under Chapter 93A and will require the presiding judicial officer to consider whether that state law claim is preempted by COPPA. See Hubbard v. Google LLC, -- F. Supp. 3d --, 2020 WL 7495084 (N.D. Cal. Dec. 21, 2020) (finding the Hubbard plaintiffs' state law claims, including under Chapter 93A, to be preempted by COPPA); see also 15 U.S.C. § 6502(d) ("No State or local government may impose any liability . . . in connection with an activity or action described in this chapter that is inconsistent with the treatment of those activities or actions under this section.").

Finally, although there is, typically, a presumption in favor of plaintiff's choice of forum, that choice is accorded less weight here, wherein plaintiff asserts class claims in a

- 8 -

second-filed putative class action. See <u>Johnson</u> v. <u>New York Life Ins. Co.</u>, No. 12-cv-11026, 2013 WL 1003432, at *4 (D. Mass. Mar. 14, 2013) ("A plaintiff's choice of forum is less significant, for example, in the context of class actions."). Because the issues raised in this lawsuit fall substantially within the scope of <u>Hubbard</u>, the first-filed action, the interests of judicial economy and in avoiding inconsistent judgments weigh heavily in favor of transferring this action to the Northern District of California. See <u>Jimenez</u>, 480 F. Supp. 3d at 307 (noting that when the second-filed class action falls within the scope of a larger, nationwide, first-filed class action, transfer to the first-filed action is generally warranted). Thus, this Court will allow defendant's motion and recommend that this case be consolidated with <u>Hubbard</u>.

## ORDER

For the foregoing reasons, defendants' motion to transfer (Docket No. 12) is **ALLOWED**. This case is hereby **TRANSFERRED** to the United States District Court for the Northern District of California.

**So ordered.**

/s/ Nathaniel M. Gorton<br>
Nathaniel M. Gorton<br>
United States District Judge

Dated March 30, 2021